NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM FOY,<br><br>        Plaintiff,<br><br>v.<br><br>WAKEFERN FOOD CORPORATION,<br><br>        Defendant. | Civil Action No.: 09-1683 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge.

This matters comes before the Court on Defendant Wakefern Food Corporation's ("Wakefern") motion for partial dismissal of Plaintiff William Foy's Amended Complaint. Mr. Foy's Amended Complaint appears to assert seven claims against Wakefern for: (1) a violation of New Jersey's Law Against Discrimination ("NJLAD") based on age discrimination; (2) a violation of NJLAD based on disability discrimination; (3) a violation of NJLAD based on retaliation; (4) benefits alleged to be due him under the terms of his retirement plan pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B); (5) breach of contract; (6) defamation; and (7) malicious prosecution. Wakefern presently moves to dismiss the NJLAD claims and the defamation claim. The Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons discussed below, Wakefern's motion is granted.

I.      BACKGROUND

Mr. Foy was employed by Wakefern as a "checker/receiver." (Am. Compl. ¶ 5.) He asserts that "he was constructively discharged and forced to retire" on April 13, 2007. (Id.) Mr. Foy is fifty-nine years old and, at the time of his discharge, he had "worked for [Wakefern] for approximately thirty-two . . . years." (Id. at ¶¶ 5, 18.) He asserts that "his qualifications and performance were excellent throughout his numerous years at [Wakefern]." (Id. at ¶ 18.)

On April 13, 2007, Ron Mills, a co-worker of Mr. Foy's, asked him to meet a driver for Country Fresh Corporation, Brian King, two blocks away from the Wakefern site. (Id. at ¶¶ 6-7.) Although he had never been asked to meet a driver off site, he did not "suspect any devious or crooked dealings." (Id. at ¶ 6.)  Mr. King gave Mr. Foy "one (1) case of Portabella mushrooms, two balls of cheese, and two (2) cases of flowers for Mr. Ron Mills" and "asked [him] to 'get rid' of them." (Id. at ¶ 7.) When Mr. Foy returned back to work at the Wakefern site, he was accused of stealing Wakefern property. (Id.)

As a result of this incident, Wakefern gave Mr. Foy three early buy-out and retirement options as an alternative to disciplinary actions. (Id. at ¶ 8.) Mr. Foy chose one of the options and signed a "Notification of Retirement" on April 13, 2007; the Notification was signed "by Carmine Caruso on behalf of Wakefern on April 17, 2007." (Id.) "The day following the April 13, 2007 incident, [Mr. Foy alleges that] Head Ship Steward Ron Casarelli instruct[ed] [him] to say he put the flowers given to him by . . . [Mr. Mills] back on the truck." (Id. at ¶ 20.) Mr. Foy asserts that he refused to lie despite Mr. Casarelli's insistence. (Id.)

Pursuant to instructions from Wakefern, Mr. Foy arrived to pick up his final paycheck and separation check on May 4, 2007. (Id. at ¶¶ 9-10.) "Head Ship Steward Ron Cassarelli,

supervisor Keith Tesesco and two (2) representatives from Loss Prevention . . . were all present . . . when [he] arrived to pick up his checks." (Id. at ¶ 10.) Mr. Foy alleges that "[t]hey advised [him] that [Wakefern] was rescinding his retirement and terminating him instead" for "theft of company property." (Id.) Mr. Foy ultimately "was cleared of all criminal charges in connection with [the] incident." (Id. at ¶ 11.)

Mr. Foy asserts that "[t]he driver who gave [him] the alleged stolen property was only suspended for approximately one (1) week." (Id. at ¶ 10.) He alleges that he "was older than the driver (and therefore was closer to retirement), had been employed by [Wakefern] longer than the driver, and received a higher salary." (Id.)

Mr. Foy filed his original Complaint in this matter on April 9, 2009. He filed an Amended Complaint on August 3, 2009. Wakefern presently seeks a partial dismissal of Mr. Foy's Amended Complaint.

## II.     LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully;" mere consistency with liability is insufficient. Id. A plaintiff is not required to plead every element of a prima facie case, but he must at least make "allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (internal quotations omitted).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[;] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. It is the underlying specific facts alleged in a complaint that should be treated as true and evaluated. Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). But, "a document integral to or explicitly relied on in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted, alteration in original).

### III.  DISCUSSION

#### A.  NJLAD Disability Discrimination Claim

In Mr. Foy's opposition, he "aver[s] that the disability claim under [NJLAD] . . . may be dismissed." (Pl.'s Response to Def.'s Mot. to Dismiss [hereinafter "Pl.'s Opp'n"], at 6.) Therefore, the Court dismisses his NJLAD disability discrimination claim with prejudice.

#### B.  NJLAD Age Discrimination Claim

In an age discrimination claim under the NJLAD, a plaintiff must show that "(1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances

that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position." Sarullo v. United States Postal Service, 352 F.3d 789, 797 & n.6 (3d Cir. 2003). The test is "flexible and must be tailored to fit the specific context in which it is applied." Id. at 798. At the motion to dismiss stage, a plaintiff need not establish a prima facie case, but the complaint must supply enough factual basis to provide fair notice to the defendant of the allegedly unlawful conduct. See Fowler, 578 F.3d at 213. Wakefern argues that Mr. Foy has not alleged any facts to support that it engaged in unlawful discriminatory action. Specifically, it argues that Mr. Foy's claim that Wakefern terminated him in order to save on retirement benefits and salaries does not support an inference of discrimination because of age.

      Under NJLAD, an employer is not "preclude[d] [from] discrimination among individuals on the basis of competence, performance, conduct or any other reasonable standards." N.J. Stat. Ann. § 10:5-2.1. Additionally, in interpreting the NJLAD, courts look to federal law, such as the Age Discrimination in Employment Act ("ADEA") for guidance. See Waldron v. SL Indus., Inc., 849 F. Supp. 996, 1000 (D.N.J. 1994), rev'd on other grounds, 56 F.3d 491 (3d Cir. 1995) ("Age discrimination claims under the [NJ]LAD and the ADEA are governed by the same standards."); see also Bergen Commer. Bank v. Sisler, 723 A.2d 944, 949 (N.J. 1999) (citing Waldron). Courts interpreting the ADEA have held that an employer is not prohibited "from making an employment decision on the basis of higher salaries, increased benefits, pension status, or claims for medical expenses even though these characteristics are often correlated with an employee's age." Broaddus v. Fla. Power Corp., 145 F.3d 1283, 1287 (11th Cir. 1998) (citing Hazen Paper Co. v. Biggins, 507 U.S. 604, 611 (1993)); see also Kelly v. Moser, Patterson and

Sheridan, LLP, No. 08-3318, 2009 U.S. App. LEXIS 22352, at *2 n.2 (3d Cir. Oct. 9, 2009) (citing Hazen) (unpublished opinion). In other words, "the ADEA prohibits age discrimination and age discrimination alone." Broaddus, 145 F.3d at 1287 (citing Hazen, 507 U.S. at 611). Additionally, where a plaintiff brings an age discrimination claim and a claim for benefits under ERISA based on an argument that the employer's action was motivated by a desire to avoid paying benefits, the Third Circuit has found the age discrimination claim preempted by ERISA. See Wood v. Prudential Ins. Co. of Am., 207 F.3d 674, 676 (3d Cir. 2000) (holding that an age discrimination claim was preempted by ERISA where the claim was reasonably read "as an assertion 'that depriving [the plaintiff] of his retirement benefits was the motivating purpose for, and not merely a consequence of, his termination.'").

> Here, Mr. Foy alleges:
>
> On information and belief, [Wakefern] followed a policy and practice of discrimination against [Mr. Foy] because of his age and tenure, in violation of the Employment Retirement Income and Security Act (ERISA) [and] the New Jersey Law Against Discrimination (NJLAD). (Am. Compl. ¶ 13.)
> \*   \*   \*
> [Mr. Foy] is fifty-nine (59) years old and a member of a protected class under the [NJLAD]; his qualifications and performance were excellent throughout his numerous years at [Wakefern]. He was unfairly discharged despite the adequacy of his work." (Id. at ¶ 18.)
> \*   \*   \*
> [Mr. Foy] alleges age . . . [was a] determining factor[] in his termination. If not for [Wakefern's] motive to terminate its elder workforce, and save on salaries and retirement benefits, [Mr. Foy] would not have been fired. (Id. at ¶ 19.)

Additionally, he states that he "was older than the driver [who was only suspended for one week] (and therefore was closer to retirement), had been employed by [Wakefern] longer than the driver, and received a higher salary." (Id. at ¶ 10.) For his ERISA claim for benefits, he "re-alleges and incorporates by reference" all of the preceding facts including all of those facts

supporting his NJLAD age discrimination claim. (Id. at ¶ 24.)

Mr. Foy argues that these allegations are sufficient to state an NJLAD age discrimination claim and further argues that Wakefern "is asking the court to perform something it cannot do–which is dismiss an age discrimination case prior to discovery when Plaintiff must prove discriminatory motive." (Pl.'s Opp'n, at 8 (emphasis in original).) Mr. Foy's position would mean that so long as a plaintiff asserts merely that age was a determining factor in an adverse employment action, he is entitled to discovery and his claim must survive a motion to dismiss. This position is contrary to the pleading requirements as set forth in Iqbal and Twombly. A mere allegation that an adverse employment action was motivated by age, without more, is exactly the type of broad conclusory allegation which the Supreme Court has found insufficient. While Mr. Foy is not required to plead every element of a prima case or provide detailed factual allegations, he must provide sufficient non-speculative and conclusory allegations that, accepted as true, state a claim for age discrimination under the NJLAD. This Court agrees with Wakefern that the allegations in his Amended Complaint are not sufficient.

Although Mr. Foy alleges the conclusion that "age . . . [was a] determining factor[] in his termination," the actual factual allegations to support this conclusion are that Wakefern's decision was motivated by a decision to "save on salaries and retirement benefits." As discussed above, such a motivation alone does not violate the NJLAD. As the Supreme Court has stated: "[E]ven if the motivating factor is correlated with age," the evils the ADEA seeks to combat– "the problem of inaccurate and stigmatizing stereotypes"–are not present "[w]hen the employer's decision is wholly motivated by factors other than age." Hazen, 507 U.S. at 610-11. To state a valid claim of age discrimination under NJLAD, Mr. Foy must allege some facts supporting that

his *age* was a determining factor in Wakefern's actions against him.

In his opposition he adds that he was replaced by younger workers. (See Pl.'s Opp'n, at 7.) Mr. Foy may not amend his complaint through statements made in his opposition brief, see Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988). The sufficiency of his Amended Complaint is determined by evaluating the allegations he actually made in the Amended Complaint. Additionally, his opposition brief continues to make clear his position that the reason he was terminated was because his salary and benefits were higher than other employees. He does not provide any factual basis for his assertion that his *age* was a motivating factor to Wakefern's decision, separate from any correlation his age has with his salary and benefits. His benefit-defeating motivation allegation does not state a claim under the NJLAD. Additionally, even if his assertion of a benefits-defeating motive was sufficient under NJLAD, such a claim would be preempted by ERISA. For these reasons, Mr. Foy's NJLAD age discrimination claim is dismissed. However, because Mr. Foy makes some statements in his Amended Complaint and brief that cast some doubt on whether he is relying solely on a salary and benefits-defeating motive, the Court will dismiss this claim without prejudice.

  **C. NJLAD Retaliation Claim**

NJLAD makes it is unlawful for "any person to take reprisals against [another] person because that person has opposed any practices or acts forbidden under [the NJLAD] . . . ." N.J. Stat. Ann. § 10:5-12(d). Thus, in order to set forth a prima facie case of unlawful retaliation under the NJLAD, a plaintiff "must show: (1) that he engaged in a protected activity; (2) that he suffered an adverse employment action; and (3) that there was a causal connection between the

protected activity and the adverse employment action." Cardenas v. Massey, 269 F.3d 251, 263 (3d Cir. 2001).  Wakfern argues that Mr. Foy's NJLAD retaliation claim fails because he has not alleged that he engaged in a protected activity or that Wakefern was aware of such activity, even if protected.

> Mr. Foy alleges in his Amended Complaint:
>
> The day following the April 13, 2007 incident, Head Ship Steward Ron Casarelli instructs [Mr. Foy] to say he put the flowers given to him by driver Ronnie Mills back on the truck.  This is a falsehood and [Mr. Foy] refuses.  Mr. Casarelli persists and says he does not want to lose two (2) employees, but [Mr. Foy] refuses to lie.  [Mr. Foy] was consequently retaliated against as he was terminated and denied his retirement benefits.

(Am. Compl. ¶ 20.)[1]  Wakefern argues that lying about a theft is not a protected activity under the NJLAD.  "Pursuant to N.J.S.A. 10:5-12d, a person engages in protected activity under the [NJ]LAD when that person opposes any practice rendered unlawful under the [NJ]LAD." Young v. Hobart West Group, 897 A.2d 1063, 1073 (N.J. Super. Ct. App. Div. 2005).  Thus, for Mr. Foy to succeed in showing that he engaged in a protected activity, he must show that theft was unlawful under the NJLAD.  Mr. Foy cites Drinkwater v. Union Carbide Corporation, 904 F.2d 853 (3d Cir. 1990), to support his position that "refusing to lie for [Wakefern] . . . is a prohibited practice."  (Pl.'s Opp'n, at 8.)  But, Drinkwater involved complaining about sexual harassment.  See 904 F.2d at 865.  Sexual harassment is a prohibited activity under NJLAD.  Mr. Foy cites to no case or other law providing that refusing to lie about a theft is a protected activity. This Court finds that the language of the retaliation provision of NJLAD fails to support Mr.

---

[1] In his opposition Mr. Foy also asserts that he also threatened to file a lawsuit and that Wakefern's counterclaim in this case is also retaliation.  As noted above, he may not amend his complaint through his opposition brief.  Mr. Foy's Amended Complaint and his brief make clear that the essence of his retaliation claim is based on being asked to lie about the alleged theft.

Foy's claim; he has not engaged in protected activity. Therefore, this Court dismisses his NJLAD retaliation claim with prejudice.

### D. Defamation Claim

Wakefern seeks to dismiss Mr. Foy's defamation claim both because it is barred by the statute of limitations and because it fails to state a claim. Additionally, in its reply brief, in response to additional allegations asserted by Mr. Foy in his opposition, Wakefern also argues that the statements referred to by Mr. Foy are privileged. To state a claim for defamation under New Jersey law, a plaintiff must show "(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher." DeAngelis v. Hill, 847 A.2d 1261, 1267-68 (N.J. 2004). Under New Jersey law, defamation claims are subject to a one-year statute of limitations. N.J. Stat. Ann. § 2A:14-3; see also Swan v. Boardwalk Regency Corp., 969 A.2d 1145, (N.J. Super. App. Div. 2009).

Mr. Foy's Amended Complaint provides no information beyond mere conclusory statements broadly alleging defamation. He simply alleges:

> [Wakefern] did and continues to make defamatory statements about [Mr. Foy] that are false, i.e. [Mr. Foy] was a criminal that stole goods. Those false statements and documents are published to third parties, and [Mr. Foy] continues to be harmed by such defamatory statements. Each distinct publication of the defamatory statements and records inflict an independent injury from which a separate cause of action continues to arise.

(Am. Compl. ¶ 29.) Although he is not required to plead every element of a prima facie case,

these allegations give Wakefern no notice of the essence of his claim.[2] He "must plead facts sufficient to identify the defamatory words, their utterer and the fact of their publication." Zoneraich v. Overlook Hosp., 514 A.2d 53, 63 (N.J. Super. Ct. App. Div. 1986). In other words, he must identify the "when, where, by which defendants and by what words . . . [he] was defamed." Id. at 62. The Court finds that he has inadequately plead his defamation claim; the defamation claim is dismissed without prejudice.

IV. CONCLUSION

For the foregoing reasons, Wakefern's motion for partial dismissal of Mr. Foy's Complaint is granted. His NJLAD claims based on disability discrimination and retaliation are dismissed with prejudice. His NJLAD claim based on age discrimination and his defamation claim are dismissed without prejudice to Mr. Foy to amend his Amended Complaint to correct any deficiencies. An appropriate Order accompanies this Opinion.

DATED: January 7, 2010   /s/ Jose L. Linares
                         JOSE L. LINARES
                         UNITED STATES DISTRICT JUDGE

---

[2] In his opposition, Mr. Foy refers to an exhibit to support his assertion that as late as August 19, 2008, Wakefern made defamatory statements about him. As noted above, Mr. Foy may not amend his complaint through his opposition brief.